UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAROLYN S. DENNIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:12cv48 |
| | ) |
| PATRICK R. DONAHOE, | ) |
| Postmaster General, and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, Patrick R. Donahoe, Postmaster General, and the United States, on March 1, 2012. The plaintiff, Carolyn S. Dennis, filed her response on March 29, 2012, to which the defendants replied on April 13, 2012.

For the following reasons, the motion to dismiss will be granted.

Discussion

Dennis initiated this Title VII action against Donahoe, Postmaster General, in the Allen Superior Court on or about January 12, 2012. The Postmaster General timely removed the action to the Federal District Court, Northern District of Indiana, Fort Wayne Division, on February 15, 2012.

The defendant now moves this Court to dismiss this suit because, under the derivative jurisdiction doctrine applicable to removal under 28 U.S.C. § 1442, subject matter jurisdiction is lacking because the state court lacked subject matter jurisdiction since plaintiff failed to "file" this suit within the statute of limitations applicable to Title VII suits against a federal employer.

On or about June 27, 2011, Dennis filed a charge of discrimination against the United States Postal Service (USPS) alleging discrimination on the basis of race, color, sex, retaliation, and hostile work environment when she was subjected to an investigative interview without being allowed representation of her choice and, ultimately issued a letter of warning. (Complaint ¶¶ 5 and 8). Dennis received her final agency decision on September 6, 2011 dismissing her EEO Complaint. (Complaint ¶ 6; Exh. B). According to the Chronological Case Summary (CCS) of the Allen County Superior Court, Dennis' complaint was filed on January 12, 2012.

On January 27, 2012, a summons to the Postmaster General was signed by the Clerk of the Allen County Clerk's Office and as a result of Dennis' appeal to the Postmaster, the letter of warning was withdrawn on July 22, 2011. (Complaint ¶ 8(k)).

The Complaint received by USPS shows a crossed out filing date of December 5, 2011. Apparently, the Allen County Clerk's Office did not accept this complaint for filing.  The Complaint was received by the USPS on February 7, 2012. This case was removed to this Court by the United States on February 15, 2012.

The doctrine of derivative jurisdiction provides that "where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction". State of Minnesota v. United States, 305 U.S. 382, 389 (1939); Arizona v. Manypenny, 451 U.S. 232, 242 N.17 (1981); Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The doctrine applies to cases removed to federal court under 28 U.S.C. § 1442. See, e.g., Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 316 (7th Cir. 1994). The state court's lack of jurisdiction flows from plaintiff's failure to have "filed" the instant action timely in state court, because counsel failed to timely comply

with the provisions of 39 U.S.C. § 409(b) and Rule 4(i) of the Fed. R. Civ. P. which govern proper service of process on the USPS.

Title VII is the exclusive remedy for discrimination suits against federal agencies by federal employees. 42 U.S.C. § 2000e-16(c). Specifically, 42 U.S.C. 2000e-16(c) allows a federal employee to file a discrimination suit in court "as provided in section 2000e-5 of this title". 42 U.S.C. § 2000e-16(c). The suit must be initiated within 90 days of receipt of Notice of Final action taken by the agency. 42 U.S.C. § 2000e-16(c).[1] Further, 42 U.S.C. § 2000e-5 confers jurisdiction for such suits in the district courts. 42 U.S.C. § 2000e-5(f)(3). In this case, plaintiff initiated her suit against the Postmaster General in state court. With regard to service, federal law obligated plaintiff to serve the entities outlined in Rule 4 (i) of the Fed. R. Civ. P., even if she sued in state court. 39 U.S.C. § 409(b); See Finch v. Small Business Administration, 112 S.E.2d 737 (N.C. 1960); United States v. McNeil, 661 F.Supp. 28 (E.D. KY 1987); United States v. Rockland Trust Company, 860 F.Supp. 895, 897 n.3 (D. Mass. 1994).  Title 39 U.S.C. § 409(b) defines the "necessary" parties to be served when suing the Postal Service and provides as follows:

> (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, it officers, or employees are parties. 39 U.S.C. § 409(b).

---

[1] Plaintiff filed her complaint in the Allen County Superior Court on January 12, 2012, more the 126 days after receipt of the final agency decision. Because plaintiff's complaint was not timely filed, it would be subject to dismissal in state court and in this Court. 42 U.S.C. § 2000e -16(c); See Renne v. Carrett, 896 F.2d 1057, 1059 (7th Cir. 1990); Harris v. Brock, 642 F. Supp. 1134 (N.D. Ill. 1986).

Further, under state law plaintiff's complaint is not deemed "filed" until he complies with these service requirements. See Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002)(Complaint is not deemed filed until all necessary summonses have been tendered to the clerk). See Rockland, 897, n.3.

Pursuant to Rule 4(i) of the Fed. R. Civ. P., in order to effectively serve the United States and its agencies, plaintiff must serve the United States Attorney for the district in which the action is brought (or Assistant United States Attorney, clerk, or service process clerk designated by the US Attorney), the Attorney General of the United States, and the agency. The state court records indicate that the plaintiff tendered to the state court clerk one summons to the Postmaster General, and served only him. Neither the United States Attorney, nor the Attorney General was served as required by Rule 4(i).

The United States acknowledges that 28 U.S.C. § 1448 provides that after removal, incomplete or defective process may be completed or corrected by re-issuance. However, the issue is not whether this court can now correct defective service, but whether it can confer jurisdiction on a state court that had none. In this case it cannot, because prior to removal, the case was deemed "dead" under state law before it is removed, and it cannot now be resurrected by the removal and 28 U.S.C. § 1448. Morton v. Meagher, 171 F.Supp.2d 611, 615 (E.D.Va. 2001); Witherow v. Firestone Tire and Rubber Co., 530 F.2d 160 (3rd Cir. 1976). In determining whether an action is viable, prior to removal, state law must be applied. Morton at 615; Witherow at 168; See Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119 (7th Cir. 2001); Oiler v. Biomet Orthopedics, 2003 WL 22228574 (E.D. La. 2003).

Indiana law for commencement of an action where service of process is needed, requires

that the "necessary" summonses be furnished to the clerk at the time the complaint is filed. Rule 3 of the Indiana Rules of Court, Rules of Trial Procedure. Further, under Indiana law, a civil action is not deemed commenced, even if plaintiff files his complaint within the applicable statute of limitations, unless all "necessary" summonses are tendered to the clerk within the statute of limitations for the action. Rule 3; Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002); Fort Wayne Intern. Airport v. Wilburn, 723 N.E.2d 967 (2000). The applicable period of time for plaintiff to commence her title VII action in court is found at 42 U.S.C. § 2000e-16(c), which provides that the action be commenced in court within ninety (90) days after receiving the notice of Final Agency Decision.

    In the present case, Plaintiff received her Final Agency Decision on or about September 6, 2011.  Plaintiff's notice told her to file her action in district court within ninety (90) days. Instead, plaintiff chose to file her action in state court. Because plaintiff attempted to commence her action against the Postmaster General in state court, the "necessary" summonses were defined by 39 U.S.C. § 409(b), and not state procedural rules. However, on the date she filed her complaint, January 12, 2012, plaintiff tendered summonses only for the Postmaster General. (Summonses attached to Notice of Removal; Exhibit 2). Court records show that plaintiff did not tender "necessary" summonses for the United States Attorney or the Attorney General as required by Rule 4(i)of the Fed. R. Civ. P. and 39 U.S.C. § 409. The ninety (90) day period for plaintiff to file his civil action expired on or about December 6, 2011. This case was removed by the United States on February 15, 2012, after plaintiff's ninety (90) day period for bringing her Title VII action expired. Because plaintiff's Title VII action was never considered "commenced" in state court, and could never have been deemed "commenced" after the ninety (90) day period

expired, it would have been dismissed by the state court. Rule 3 of the Indiana Rules of Court Rules of Trial Procedure; Ray-Hayes v. Heinamann, 760 N.E.2d 172, 174 (2002). Thus, plaintiff's Title VII action was "dead" in state court before it was removed. See Morton v. Meagher, 171 F.Supp.2d 611, 615 (E.D. Va. 2001). (A case is "dead" in state court if service is not effected within the time frame prescribed by statute). As such, this case cannot now be resurrected by its removal and it must be dismissed. Marshall v. Warwick, 155 F.3d 1027, 1033 (8th Cir. 1998); Morton at 615; Cerna v. John E. Potter, 1:05cv380 (N.D. Ind. 2006).

Plaintiff argues her that complaint was actually filed on December 5, 2011 and was timely. Plaintiff's counsel explains that because he moved his office, he did not get timely notice that the filing fee was not paid. Plaintiff's counsel also claims the situation was remedied on January 12, 2012, and the lawsuit should be deemed timely. However, plaintiff misses the point. Regardless whether the suit was filed on December 5, 2011, or January 12, 2012, because all required summonses were not furnished to the clerk, no suit has been initiated in state court. Because no suit has been initiated in state court and the period for timely commencing the action expired prior to removal, the case is deemed "dead" prior to removal, and cannot now be resurrected. Morton v. Meagher, 171 F.Supp.2d 611, 615 (E.D. Va. 2001); Cerna, Supra. Therefore, this case will be dismissed for lack of subject matter jurisdiction.

Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 7] is hereby GRANTED.

Entered: May 4, 2012.

                                                          s/ William C. Lee  
                                                          William C. Lee, Judge  
                                                          United States District Court